**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4317**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

BILLY RAY FELDER,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle,
District Judge. (5:08-cr-00295-BO-2)

Submitted: January 19, 2010      Decided: January 26, 2010

Before NIEMEYER, KING, and DAVIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Richard A. McCoppin, MCCOPPIN & ASSOCIATES ATTORNEYS AT LAW,
P.A., Cary, North Carolina, for Appellant. Anne Margaret Hayes,
Jane J. Jackson, Assistant United States Attorneys, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Ray Felder appeals his 188-month sentence of imprisonment, following his guilty plea to one count of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Felder's attorney filed his appellate brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that in his opinion, there are no meritorious issues for appeal, but asking this court to consider the reasonableness of Felder's within-guideline-range sentence. The Government moves to dismiss the appeal on the basis of the waiver of appellate rights contained in Felder's plea agreement. We dismiss the appeal in part and affirm in part.

We first conclude that Felder has waived his right to appeal his sentence. A defendant may waive the right to appeal if that waiver is knowing and intelligent. <u>United States v. Poindexter</u>, 492 F.3d 263, 270 (4th Cir. 2007). To determine whether a waiver is knowing and intelligent, this court examines the background, experience, and conduct of the defendant. <u>United States v. Broughton-Jones</u>, 71 F.3d 1143, 1146 (4th Cir. 1995). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Federal Rule of Criminal Procedure 11, the waiver is both valid and enforceable.

2

United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived the right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Felder knowingly and voluntarily waived the right to appeal any sentence that was not above the advisory Sentencing Guidelines range and any issues relating to the establishment of the Guidelines range. The sentencing issue that Felder raises on appeal falls within the scope of this waiver. We therefore grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

Although the appeal waiver precludes our review of the sentence, it does not preclude our review of any errors in Felder's conviction that may be revealed pursuant to the review required by Anders. Therefore, we deny the motion to dismiss in part. We have examined the entire record in accordance with Anders, including the integrity of the Rule 11 hearing, and have found no meritorious issues for appeal. Accordingly, we affirm Felder's conviction.[*]

---

[*] In his pro se appellate brief, Felder asserts that trial counsel rendered constitutionally ineffective assistance for failing to ask the district court to impose a variant sentence. (Continued)

3

This court requires that counsel inform Felder, in writing, of the right to petition the Supreme Court of the United States for further review. If Felder requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Felder.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

---

Because the record does not conclusively establish that counsel did not provide ineffective assistance, this claim is not cognizable on direct appeal. <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir.), <u>cert. denied</u>, 129 S. Ct. 490 (2008).

4